Sumrall *v.* Sampson.

(Division A.  May 1, 1933.)

[147 So. 785.  No. 30612.]

**I. B. Sumrall, J. R. Tally,** and **Currie & Currie,** all of Hattiesburg, for appellant.

Sullivan & Sullivan, of Hattiesburg, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a decree dismissing a bill by the appellant against the appellee for the specific performance of an alleged contract by the appellee to sell certain real property to the appellant.

The bill alleges, in substance, that Fairley, a duly appointed agent of the appellee for that purpose, executed and delivered to the appellant a contract for the sale to him of a lot in the city of Hattiesburg, for the sum of five hundred and fifty dollars; the appointment of Fairley

being by means of a letter to him from the appellee which was incorporated in the bill.

The appellee declined to make the conveyance, and we will assume that the bill sufficiently alleges a tender of performance by the appellant.

Fairley delivered possession of the property to the appellant, who repaired a building thereon which had been partially destroyed by fire.

The prayer of the bill is for the specific performance of this contract, and, in event that relief should not be granted, for a decree against the appellee for repayment of the money expended by the appellant in repairing the building.

The bill was filed on August 10, 1931, and the appellee's answer was filed on May 12, 1932. When the case came on for trial at the regular September, 1932, term of the court below, the appellant filed a motion for leave to file an amended bill. This motion was overruled, and the order so doing sets forth that the appellant had negligently delayed the filing of the amended bill to the prejudice of the appellee.

The record discloses no evidence in support of, or against, this motion, and is silent as to whether such evidence was heard.

The assignment of errors challenges the order overruling the motion to amend the bill, and, in substance, affirms that the court should have awarded to the appellant either a specific performance of the contract or a recovery of the money expended by him in repairing the building. The appellant's challenge of the overruling of the motion to amend his bill is without merit for two reasons: (1) The record discloses no evidence that the court's finding that he negligently delayed to file the amendment is not true; and (2) he was not prejudiced by the refusal to permit him to file the amended bill. The new matter sought to be alleged in the amended bill was that, before the appellant received possession

of the property from Fairley, he (Fairley) advised the appellee that the contract of conveyance had been executed, and that the appellee thereupon ratified and confirmed it in a letter to Fairley. When the case came on for trial on its merits, evidence was introduced by the appellant in support of his claim for ratification of the contract, and by the appellee in denial thereof, and the court, in its final decree, found, as a fact, that the appellee did not know of the execution until after the filing of the appellant's bill of complaint.

The evidence in support of Fairley's authority to execute a contract of sale consists of letters which passed between him and the appellee. In reply to an inquiry from Fairley as to whether he would sell the property, the appellee wrote him as follows: "In reply to your letter of May 2nd, will state that I am anxious to sell my property on Elizabeth Ave., and am willing to consider any reasonable offer. You are there and know conditions, and values, better than I, so I put it up to you to see how much you can get for it. The more you get for me, the more there will be in it for you. Awaiting your reply."

Other letters passed between them eventuating in Fairley advising the appellee that the best offer he could obtain for the property was three hundred dollars, to which the appellee replied as follows: "In reply to your letter of May 16th, will state that three hundred dollars does look like too small a price for a six room house and lot. It would cost more than that to install the plumbing alone. The lot cost me five hundred and fifty dollars spot cash. It does seem reasonable that I ought to get the price of the lot back. Anyway, you state that property is selling for one-third of the assessed valuation. At that rate, I ought to get six hundred thirty-three dollars for my property is assessed at one thousand, nine hundred dollars. So, I will ask you to please try and pep your client up a little, and try and get me, at least, five hundred dol-

lars net. Awaiting your reply, and thanking you for your effort.''

Fairley showed this letter to the appellant, and executed to him a contract for the sale of the property for five hundred fifty dollars, of which fifty dollars was paid in cash to Fairley; the remainder to be paid on the execution of a deed thereto. These letters vested in Fairley authority to find a purchaser for the property, but not to execute a contract of conveyance therefor. Everman v. Herndon, 71 Miss. 823, 15 So. 135, and 9 C. J. 526.

When the appellant received possession of the property from Fairley, and made the repairs thereon, he knew that Fairley was without authority to execute the contract, or to permit him to take possession of the property, and, without the appellee's consent, he was without the right to expend money thereon and charge the appellee therewith.

Affirmed.